## Winters v. Poepperling

*David A. Serchak,* for plaintiff.
*David P. Posatko,* for defendants.

VANSTON, *P.J.,* September 13, 1994—In this novel matter the court is asked to decide whether two township supervisors may withhold from the third township supervisor the keys to the locks on the doors of the township equipment shed. The facts of the matter are not in dispute.

The plaintiff and the defendants are the supervisors of the Township of North Branch, a second class township in Wyoming County. Apparently following a dispute among the supervisors at a meeting earlier in 1994, a motion was adopted granting Mr. Poepperling and Mr. Hope the keys to the equipment building. Mr. Winters was specifically denied a set of keys and was told that if he wanted to inspect the township equipment, he had to make arrangements with one of the other two supervisors to let him into the building.

Mr. Winters has brought this action in mandamus seeking to undo his perceived exclusion from the building. Poepperling and Hope have answered the complaint,

admitting all salient facts. Before the court for disposition is Winters' motion for peremptory judgment.

Unsurprisingly, who gets to keep the township keys is not addressed in the Second Class Township Code. "The general supervision of the affairs of the township shall be in the hands of three ... township supervisors." 53 P.S. §65510. So much for statutory guidance. Nor is decisional authority of any greater assistance. Neither this writer nor counsel in this matter have been able to locate any appellate or common pleas authority dealing with this issue.

Of course, the supervisors can appoint one of their number as road master and give him or her the keys to the equipment building. See 53 P.S. §65514. That is not, however, what has occurred here.

To inhibit access to township property by a township supervisor out of personal or political animus is unacceptable. A supervisor has a duty to manage the township's affairs and cannot be unreasonably restricted in such duty. Certainly, security of township equipment is necessary. A board of supervisors may, for example, designate the road master or township secretary as custodian of certain items or records. Here, however, the majority has acted in such a way as to preserve its power to govern, while denying that power to the minority.

This court is constrained to agree with plaintiff's argument, taken to its logical conclusion: If you can restrict access to the equipment building, then why not the minutes, the bills, and township records?

Accordingly, peremptory judgment will be awarded in favor of the plaintiff, with costs upon the defendants. As plaintiff's counsel has not presented this court with any evidence as to his counsel fees, the same cannot be awarded.

## ORDER

And now, September 13, 1994, for the reasons set forth in the opinion of the court of even date, it is ordered that Paul Poepperling and Leo Hope, Supervisors of North Branch Township, are directed to provide Louis Winters with the identical access to township buildings and property which they have accorded, or shall in the future accord, to themselves.

It is further ordered that the defendants shall pay the costs of this action.

It is further ordered that plaintiff's claim for counsel fees is denied.